NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

JOSEPH BERMAN, PETITIONER, v. MIKE LEVENSTEIN,
RESPONDENT.

**Berger's Disease—Petitioner's Leg Amputated as Result of This Disease—Disease May Be Set in Motion by Extreme Heat or Cold, or by Injury—Petitioner Sustained Serious Injury Outside Course of His Employment—Held, That Cause of Revival of Disease Not Shown To Be Result of Employment.**

The petitioner herein having filed his petition in this cause on February 21st, 1925, and the respondent having duly filed his answer, and the said cause having come on for hearing at Paterson, New Jersey, under date of May 21st, 1925, June 19th, 1925, June 29th, 1925, and September 3d, 1925, and the respective attorneys having been present on the said several dates and witnesses having testified on behalf of the petitioner and on behalf of the respondent, and it appearing that the petitioner, Joseph Berman, was employed by the respondent on September 7th, 1924, at the slaughter-house of the respondent at Totowa borough, New Jersey, and it further appearing that the petitioner has had his right leg amputated above the knee, and that, prior to such amputation, the petitioner suffered from Berger's disease, and that this disease could be set in motion by extreme heat or cold or by an injury and various other causes, and it appearing that the Berger's disease resulted in a condition that made the amputation of the leg necessary, and it further appearing that the petitioner was compelled to stop work on October 31st, 1924, on which said date the petitioner suffered an injury to his right leg while passing the premises No. 77 Ridge street, Paterson, New Jersey, when he was not engaged in the course of his employment, and such injury did not arise out of his employment, and that this accident was of sufficient severity that the petitioner reported the same to the nearest police station, and that this accident of October

31st, 1924, was of such severity that it could set in motion the Berger's disease, from which the petitioner was suffering at the time of the said accident.

And it further appearing that the petitioner in this cause has failed to establish by a perponderance of the evidence that the alleged injury claimed by him grew out of the accident arising out of and in the course of his employment, and it satisfactorily appearing that no notice was given by the petitioner of the alleged accident, and it satisfactorily appearing that the said alleged accident did not occur.

\*          \*          \*          \*          \*          \*          \*

HARRY J. GOAS,
*Deputy Commissioner.*